**STATE OF MINNESOTA**                    **DISTRICT COURT**
**County of Ramsey**          Judicial District:   Second
                              Case Type:           Civil Other/Misc.

---

Annette Williams
*Plaintiff*

vs.

Unlimited Progress Corp. d/b/a/ Creditors        **SUMMONS**
Discount and Audit; Trans Union LLC
*Defendants*

---

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

> 619 South Tenth Street
> Suite 301
> Minneapolis, MN 55404

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for

1



the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: April 1, 2019

s/ David J.S. Madgett
David J.S. Madgett (#0390494)
619 South Tenth Street
Suite 301
Minneapolis, MN 55404
(612) 470-6529
dmadgett@madgettlaw.com

ATTORNEY FOR PLAINTIFF

**STATE OF MINNESOTA**
**County of Ramsey**

Judicial District:
Case Type:

**DISTRICT COURT**
Second
Civil Other/Misc.

Annette Williams
*Plaintiff*

vs.

Unlimited Progress Corp. d/b/a/ Creditors
Discount and Audit; Trans Union LLC
*Defendant*

# COMPLAINT

PLAINTIFF, as and for her causes of action (i.e., violations of the Telephone Consumer

Protection Act, the Minnesota Automatic Dialing-Announcing Devices Act, the Fair Debt Collection

Practices Act, and the Fair Credit Reporting Act) against the above-named defendant, states and

alleges as follows:

## Introduction

1.      The following case alleges an all too common problem in the medical payment industry:

balance billing. Balance billing involves the illegal billing of an insured patient for the difference

between the amount charged by the provider and the amount the provider contractually accepts

from the insurer as total satisfaction of the bill. Despite clear state and federal law that this

practice is strictly prohibited, it remains disturbingly common in the medical payment industry.

This illegal collection behavior is aided by national consumer reporting agencies ("CRAs")

which blindly report the unlawful debts as due and owning damaging the credit ratings of

hardworking Americans.

3

The present case is a clear example of this common problem. Plaintiff is a disabled dual enrollee in both Medicare and Medicaid (specifically, Minnesota's Medical Assistance program). Plaintiff has no medical copay and does not have a healthcare deductible. Despite this, Plaintiff has been illegally harassed by Unlimited Progress Corp. doing business as Creditors Discount and Audit ("Creditors Discount"), an unlicensed collection company illegally operating in Minnesota. Creditors Discount falsely claims Ms. Williams owes hundreds in medical bills repeatedly calling and harassing her for payment. Creditors Discount has been assisted in its fraud by Trans Union who blindly reported the false claim that Plaintiff had failed to pay her medical debts reporting this false statement to potential creditors of Plaintiff. Plaintiff attempted to dispute the information with Trans Union. However, both defendants failed to conduct a reinvestigation of the facts and verified their false reporting as accurate. Without further recourse available, Plaintiff commenced this action.

### Statement of Jurisdiction

2.     This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 (b) (3), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and the presumption of concurrency.

### Venue

3.     Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Ramsey.

### Parties

4.     Plaintiff is an adult resident of Ramsey County, Minnesota.

5.     Defendant Creditors Discount is an unlicensed and unregistered corporation unlawfully conducting business in the state of Minnesota.

6.     Trans Union is a foreign CRA.

7.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant both Defendants conducted business in the State of Minnesota and in the County of Ramsey.

### Facts

8.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32), a "subscriber" as defined by Minn. Stat. §325E.26 subd. 5, and a "consumer" as defined by 15 U.S.C. §1692a(3).

9.     Defendant Creditors Discount is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32), a "caller" as defined by Minn. Stat. §325E.26 subd. 3, and a "debt collector" as defined by 15 U.S.C. §1692a(6).

10.     Trans Union is a "consumer reporting agency" as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(f).

11.     Plaintiff's telephone number, (xxx) xxx-0426, is assigned to a "cellular telephone service" as that term is used in 47 U.S.C. § 227b(1)(A)(ii).

12.     The alleged debt owed by Plaintiff is a "debt" as defined by 15 U.S.C. §1692a(5).

13.     The calls mentioned herein constitute "communications" as defined by 15 U.S.C. §1692a(2).

14.     Upon information and belief, an unlawful debt allegedly owed by Plaintiff was purchased by, requested for assignment, or otherwise demanded to be placed with Defendant Creditors Discount so that the illegal collector could attempt collection.

15.     Plaintiff is informed and believes, and thereon alleges, that on multiple occasions all prior to the date this Complaint was filed, Defendant Creditors Discount contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1).

16.     On several occasions Defendant Creditors Discount's auto-dialing system would dial Plaintiff; when Plaintiff answered these phone calls, a representative was either entirely unavailable or a pre-recorded message came on the line.

17.     On several occasions during phone calls Plaintiff requested additional information about Defendant Creditors Discount, but Defendant Creditors Discount refused to provide contact information.

18.     The telephone number Defendant Creditors Discount called was assigned to a cellular telephone service as required by 47 U.S.C. § 227 (b)(1).

19.     Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

20.     Defendant Creditors Discount placed or caused to be placed these telephone calls in violation of 47 U.S.C. § 227(b)(1).

21.     Plaintiff is informed and believes, and thereon alleges, that during these telephone calls Defendant Creditors Discount used an "automatic dialing-announcing device" as defined by Minn. Stat. §325.26 Subd. 2.

22.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not request, consent to, permit, or authorize receipt of said messages pursuant to Minn. Stat. §325E.27(a).

23.    Defendant Creditors Discount placed or caused to be placed these telephone calls in violation of Minn. Stat. §325E.27.

24.    Despite these various and repeated calls, Creditors Discount failed to provide legally required consumer disclosures to Plaintiff, leading her to believe that she had no recourse other than to pay the alleged debt in question to stop the calls.

25.    Plaintiff is informed and thereon believes that on at least one occasion Creditors Discount threatened to take legal action that Defendant did not intend to take.

26.    On at least one occasion Plaintiff requested that Creditors Discount stop calling her, yet the calls in question continued.

27.    By failing to stop calling after being requested to do so, Creditors Discount violated 15 U.S.C. § 1692d.

28.    By placing harassing dead air calls to Plaintiff's cell phone, Creditors Discount violated 15 U.S.C. § 1692d.

29.    By attempting to collect a debt not authorized by law or contract, Creditors Discount violated 15 U.S.C. § 1692e(2).

30.    By furnishing false information about Ms. Williams to Trans Union and other consumer reporting agencies, Defendant violated 15 U.S.C. § 1692e(8).

31.    By failing to disclose its identity, Creditors Discount violated 15 U.S.C. §1692e(11).

32.    By assessing unauthorized collection fees Creditors Discount violated 15 U.S.C. §1692f(1).

33.    By failing to deliver the disclosures mandated by 15 U.S.C. §1692g Defendant Creditors Discount violated the subsection.

34.     After the calls in question began, Plaintiff reviewed her consumer report maintained by
Trans Union and discovered that Defendant Creditors Discount had reported three accounts as
owing and delinquent.

35.     Two accounts, (#G99455L1**** #G99455L6****) list identical balances owed of
$655.00 and a third account (#G99455HO****) lists a balance owed of $312.00.

36.     Plaintiff attempted to resolve the misreporting of this information by filing a credit
dispute with Trans Union and mailing Defendant directly.

37.     In Plaintiff's dispute sent to Trans Union, Plaintiff expressly informed Trans Union of
Defendant Creditors Discount's illegal behavior and Plaintiff's status as a Medicare enrollee.

38.     Despite being repeatedly informed of the false nature of the alleged charges comprising
the alleged debts, Defendant Creditors Discount and Trans Union failed to conduct a reasonable
reinvestigation, confirmed its reporting as accurate, and continued to report this account as
delinquent and charged-off or due and owing.

39.     As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and
humiliation.

40.     In actuality Plaintiff had no liability for the above referenced accounts.

41.     Defendant Creditors Discount had no legal basis for attempting collection of this amount
or any associated collection fees.

42.     Despite this, defendant Trans Union prepared and issued credit reports concerning
Plaintiff that included this inaccurate information.

43.     The direct result of this reporting was significant damage to Plaintiff's credit rating,
thereby making it impossible for Plaintiff to obtain favorable loans, secure housing, or gain
approval for any reasonably priced credit card.

44.     As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

## Specific Claims

### Count I – Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227 Et Seq.

*(Against Creditors Discount)*

45.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### Count II – Knowing and/ or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.

*(Against Creditors Discount)*

49.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51.     As a result of Defendant's knowing and/ or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Count III – Violation of the Minnesota Automatic Dialing-Announcing Devices Act

Minn. Stat. §325E.26-31

(*Against Creditors Discount*)

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Minn. Stat. §325E.27.

54.     Pursuant to Minn. Stat. §325E.31, Defendant is subject to a private cause of action under Minn. Stat. §8.31 and is subject to remedies including damages, reasonable costs and disbursements, reasonable attorney's fees, and injunctive relief.

Count IV – Violation of Fair Debt Collection

15 U.S.C. § 1692

*(Against Creditors Discount)*

55.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.     By engaging in the aforementioned behaviors, Defendant violated 15 U.S.C. § 1692d, e(2), e(8) e(11), f(1), and g.

57.     As a result of Defendant's violations, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages and $1000 in statutory damages, together with all costs and attorney's fees incurred in bringing this action.


Count V – Negligent Violations of the Fair Credit Reporting Act

15 U.S.C. §1681 Et Seq.

*(Against Creditors Discount)*

58.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the FCRA, including but not limited to 15 U.S.C. §1681S-2, negligently failing to properly reinvestigate the alleged debt and thus reporting inaccurate information, namely that Plaintiff's account was delinquent, "charged-off," or otherwise due and owing after Plaintiff provided proof she did not owe the debt in question.

60.     As a result of Defendant's negligent violations of 15 U.S.C. §1681S-2, Plaintiff is entitled to an award of any actual damages sustained together with the costs of the action and such reasonable attorney's fees as determined by the court.

Count VI – Knowing and/ or Willful Violations of the Fair Credit Reporting Act

15 U.S.C. §1681 Et Seq.

*(Against Creditors Discount)*

61.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the FCRA, including but not limited to 15 U.S.C. §1681S-2, knowingly and willfully failing to properly reinvestigate the alleged debt and thus reporting inaccurate information, namely that Plaintiff's account was delinquent, "charged-off," or otherwise due and owing after Plaintiff provided proof she did not owe the debt in question.

63.    As a result of Defendant's knowing and/ or willful violations of 15 U.S.C. §1681S-2, Plaintiff is entitled to an award of any actual damages sustained or up to $1,000 and punitive damages together with the costs of the action and such reasonable attorney's fees as determined by the court.

*Count VII – Negligent Noncompliance with FCRA*

*(Against Trans Union)*

64.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.    Trans Union negligently failed to comply with the requirements of the FCRA, including but not limited to:

    a.    failing to follow reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b of the FCRA, as required by 15 USC § 1681e(a);

b.  failing to comply with the requirements of 15 USC § 1681b;

c.  failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

d.  failing to comply with the requirements of 15 USC § 1681g;

e.  failing to comply with the requirements of 15 USC § 1681i; and

f.  failing to comply with the requirements of 15 USC § 1681c-2.

23.  As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

24.  Plaintiff requests attorney's fees pursuant to 15 USC § 1681o(a).

*Count VIII – Willful Noncompliance with FCRA*

*(Against Trans Union)*

65.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.  Trans Union willfully failed to comply with the requirements of FCRA, including but not limited to:

a.  failing to follow reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b of the FCRA, as required by 15 USC § 1681e(a);

b.  failing to comply with the requirements of 15 USC § 1681b;

    c.      failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

    d.      failing to comply with the requirements of 15 USC § 1681g;

    e.      failing to comply with the requirements of 15 USC § 1681i; and

    f.      failing to comply with the requirements of 15 USC § 1681c-2.

27.    As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

## Jury Demand

66.    Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.      All actual compensatory damages suffered;

    b.      Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c.      Statutory damages of $1,500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

    d.      Statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

e.    Statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C.

      §1681n;

f.    Injunctive relief prohibiting such conduct in the future;

g.    Reasonable attorney's fees, litigation expenses, and cost of suit; and

h.    Any other relief deemed appropriate by this Honorable Court.


Dated: April 1, 2019                    Respectfully Submitted,

                                        By: s/David J.S. Madgett
                                        David J.S. Madgett
                                        MADGETT & KLEIN, PLLC
                                        Atty. Reg. No. 0390494
                                        619 South Tenth Street
                                        Suite 301
                                        Minneapolis, MN 55404
                                        (612) 419-0589
                                        Dmadgett@madgettlaw.com

                                        ATTORNEY FOR PLAINTIFF